**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARRIE TEAGER, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) |
| NATIONAL ASSET MANAGEMENT, LLC , | ) ) |
|     Defendant. | ) ) |

## **COMPLAINT**

## **MATTERS COMMON TO MULTIPLE CLAIMS**

### **INTRODUCTION**

   1.  Plaintiff Carrie Teager brings this action to secure redress from unlawful credit and collection practices engaged in by defendant National Asset Management, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

   2.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

   3.  The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337, 1367.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant transacts business within this District.

## PARTIES

6. Plaintiff Carrie Teager is an individual who resides in the Northern District of Illinois.

7. Defendant National Asset Management, LLC is a limited liability company chartered under Pennsylvania law. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. National Asset Management, LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. National Asset Management, LLC is a debt collector under the FDCPA.

10. National Asset Management, LLC is a collection agency subject to the ICAA.

## FACTS

11. Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

12. During January-March, 2011, plaintiff received the following telephone message from defendant:

    a. Tues., Jan. 11, 2011:

> **Hello, we have an important matter that needs to be addressed. Please contact our office today at 877 806-3160. That number again, 877 806-3160. Thank you very much and have a good day.**

  b. Fri., Jan 14, 2011:

**Hello, we have an important matter that needs to be addressed. Please contact our office today at 877 806-3160. That number again, 877 806-3160. Thank you very much and have a good day.**

  c. Tues., Jan. 18, 2011:

**Hello, we have an important matter that needs to be addressed. Please contact our office today at 877 806-3160. That number again, 877 806-3160. Thank you very much and have a good day.**

  d. Wed., Feb. 2, 2011:

**Hello, we have an important matter that needs to be addressed. Please contact our office today at 877 806-3160. That number again, 877 806-3160. Thank you very much and have a good day.**

  e. Fri., Feb 4, 2011:

**Hello, we have an important matter that needs to be addressed. Please contact our office today at 877 806-3160. That number again, 877 806-3160. Thank you very much and have a good day.**

  f. Wed., Mar. 2, 2011:

**Hello, we have an important matter that needs to be addressed. Please contact our office today at 877 806-3160. That number again, 877 806-3160. Thank you very much and have a good day.**

  g. Fri., Mar. 4, 2011:

**Hello, we have an important matter that needs to be addressed. Please contact our office today at 877 806-3160. That number again, 877 806-3160. Thank you very much and have a good day.**

13. The number 877-806-3160 is issued to defendant.

14. The calls did not identify the company calling or state that the calls were for debt collection purposes.

15. Plaintiff, after some time and effort using the Internet, was able to identify the caller.

## COUNT I – FDCPA

16. Plaintiff incorporates paragraphs 1-15.

17. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11),

as well as 15 U.S.C. §1692d(6).

18. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035 (N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

19. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

 a. The messages do not contain the warning required by 15 U.S.C. §1692e(11).

 b. The messages did not identify defendant. See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (N.D.Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., Sept. 23, 2008).

20. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

21. Section 1692e provides:

**§ 1692e.   False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the**

4

> **consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

  (1) Statutory damages;

  (2) Attorney's fees, litigation expenses and costs of suit;

  (3) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

22. Plaintiff incorporates paragraphs 1-15.

23. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

24. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

  (4) Compensatory, nominal and punitive damages;

  (5) Costs.

  (6) Such other and further relief as is appropriate.

                                                /s/ Daniel A. Edelman  
                                                Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Cassandra P. Miller  
EDELMAN, COMBS, LATTURNER  
     & GOODWIN, L.L.C.  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois  60603  
(312) 739-4200  
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)